**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*JUDGE CROTTY*

MILK STUDIOS, LLC,

                Plaintiff,

    v.

SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,

                Defendants.

X    **14 CV    9362**

CIVIL ACTION NO.:

COMPLAINT AND JURY DEMAND



X

Plaintiff Milk Studios, LLC ("Plaintiff" or "Milk"), as and for its Complaint against

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

Telecommunications America, LLC (collectively "Samsung" or the "Defendants") states as

follows:

### THE NATURE OF THE ACTION

1.      For more than 15 years, Plaintiff Milk built and continues today to build a

multimedia and creative content business under the MILK trademark and tradename that serves as

a contemporary culture think tank for innovation, promotion and collaboration with some of

today's most talented artists, celebrities, designers, fashion icons, and producers. Milk stands at

the crossroads of the fashion, music, photography and film worlds. Through its leadership and

melding of today's culture and creativity, Milk has become the epicenter of expression for

emerging artists and designers, world famous entertainers and musicians.

2.      With full knowledge of Milk's well-known MILK brand and trademark rights,

Samsung, a sometimes client of and collaborator with Milk, has recently rebranded its music

streaming service and related mobile application under the name MILK, instituted a major

marketing campaign to promote the service, and has now expanded its MILK platform to various other media, including video streaming and related mobile application, in blatant disregard of Plaintiff Milk's rights ("collectively the "Infringing Media.")

3.     To protect its recognized rights in its MILK brand and trademark, after its objections to Samsung's use of the term "milk" went nowhere with Samsung, Milk is compelled to bring this action against Defendants, seeking injunctive relief as well as damages for trademark infringement, unfair competition and false designation of origin, and trademark dilution arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), and for trademark infringement, trademark dilution, unfair competition, deceptive acts and practices and unjust enrichment under the laws of the State of New York and common law.

## THE PARTIES

4.     Plaintiff Milk Studios, LLC is a limited liability company, organized and existing under the laws of the State of Delaware, having its principal place of business at 450 West 15th Street, New York, New York 10011. Under the umbrella of its house mark MILK, Plaintiff operates studios used for photography, video and music, and from the same premises engages in advertising, film equipment rental, music production, digital content production, post-production editing and similar services for all forms of digital media, and hosts events on behalf of fashion, corporate and individual clients, many of which feature live musical performances.

5.     Upon information and belief, defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of Korea, with its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742 ("SEC"). Upon information and belief, SEC is one of the world's largest electronics companies and designs, manufactures, and provides to the U.S. and world markets a wide range of products and services, including consumer electronics, computer components, and mobile and entertainment products.

2

6.      Upon information and belief, defendant Samsung Electronics America, Inc. is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 ("SEA"). Upon information and belief, SEA is a subsidiary of SEC and manages the North American operations of Samsung Telecommunications America. Upon information, SEA markets, sells, and/or offers for sale a variety of consumer electronic devices for which Samsung also provides music and video streaming software applications and services under the name MILK.

7.      Upon information and belief, defendant Samsung Telecommunications America, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082 ("STA"). Upon information and belief, STA is a subsidiary of SEC and markets, sells, and/or offers for sale a variety of personal and business communications devices in the United States, including Samsung Galaxy cell phones, for which Defendants also provide music and video streaming software applications and services under the misappropriated name MILK.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367 over Milk's claims for trademark infringement, trademark dilution, unfair competition and deceptive acts and practices under the laws of the State of New York and common law.

9.      This Court has personal jurisdiction over all of the Defendants because they do continual and ongoing business in the State of New York. Samsung distributes, promotes, provides, offers for sale and sells the music streaming downloadable software applications and services that are the subject of this Complaint via websites that are accessible to consumers in this

3

District.  Samsung also distributes, promotes, offers for sale and sells the devices to which the music and video streaming services that are the subject of this Complaint are downloaded to consumers in this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Samsung transacts business in this District and/or is subject to personal jurisdiction in this District. Venue is also proper in this District because Milk's principal place of business is in this District, a substantial portion of the events giving rise to the claims asserted herein occurred in this District and Milk suffered harm in this District.

## FACTUAL BACKGROUND

### Plaintiff's Development of the MILK Trademark

11.     Plaintiff Milk is a creative, content and multimedia company that launched in 1998 in New York City. Milk's trademark and tradename were conceived by co-founder and Creative Director, Mazdack Rassi, who was drawn both to the architectural quality of the word MILK and its uniqueness in the context of Milk's business.

12.     Milk began as, and remains today, a premiere photography studio and gallery attracting preeminent photographers, fashion designers, celebrities, artists, musicians and brands for editorial and commercial photo shoots and events. Milk grew rapidly from such beginnings and in 2009, expanded across the country opening facilities in Los Angeles. Milk's offices and various galleries, photography studios, video production studios, music services and video equipment rental and music performance space are housed in its facilities in Manhattan (80,000 square feet), Los Angeles (45,000 square feet) and Brooklyn (6,000 square feet).

13.     Milk operates its various businesses together as Milk, including among others, Milk Studios, Milk Gallery, Milk Made, Milk Agency and Milk Digital.

4

14.     As Plaintiff Milk's reputation grew so did the convergence of photography, art, fashion, media, music and creativity under its roof. Recent events illustrate this convergence.

15.     On October 30, 2014, Milk Studios in Los Angeles hosted the "amFAR Inspiration Gala," honoring fashion designer and film director, Tom Ford. The event was attended by celebrities and musicians such as Gwyneth Paltrow, Justin Timberlake, Miley Cyrus, and Rihanna and featured musical performances by Diana Ross and Chris Martin, lead singer of the band Coldplay. Mr. Ford, recognizing Milk's reputation, has chosen to show his Fall 2015 collection at Milk in Los Angeles.

16.     Milk is often retained for photo shoots by major design houses, coinciding with their marketing and advertising campaigns, and during which Milk will often create video, photographic and music content to be used in various media in connection therewith.

17.     The resources Milk provides to its clients and collaborators include the equipment and tools to create, edit and perform a work; a place to create, edit, perform and display such work; events to showcase the performer; and the opportunity to connect with existing and new fans in person and through, for example, various social media and online platforms. For musicians, in particular, Milk can provide a place to play music, create and fine-tune new music and music videos, launch new albums, announce tours and projects and connect with fans through both live and digital performances, as well as through social media and online platforms where their music and other videos can be and are streamed digitally.

18.     Milk's extraordinary reputation has been built in part on its special relationship with industry influencers -- those who are celebrities in their own fields and who enjoy a significant public following. Through these influencers and through contemporary channels of communication, including internet communication, social media and live events, Milk reaches the

ME1 19289060v.1

larger community of those involved in the fashion, beauty, music, art and film industries, and their fans or followers.

19.     In furtherance of its strategic growth plans, in 2010, Milk launched its own online editorial platform, MILK MADE (www.milkmade.com), through which it showcases innovative talent in fashion, music, photography, art and film, by, among other things, streaming videos and curated playlists of music, using applications such as SoundCloud, Grooveshark, YouTube and Spotify.

20.     Since April 2011, Milk's MILK MADE platform has been viewed more than 5.5 million times by approximately 1.8 million visitors. As detailed below, Milk is present on a host of different web-based platforms with an even greater viewership.

### Building Goodwill and Brand Recognition in the MILK Mark

21.     From inception, Milk focused on building goodwill and brand recognition of the MILK mark. As part of its branding strategy, Milk consistently features the MILK mark as the banner under which all its businesses and services operate, including Milk's website, marketing campaigns and materials, and even on the flag outside its New York offices. Milk strategically markets, advertises and promotes its creative services in the United States and throughout the world using word of mouth, strong social media presence, unsolicited press coverage and advertising, experiential public relations events, gallery events, established and new media, and editorial in such publications as *New York Magazine*, *Spin*, *The New York Times* and others.

22.     Seeking to capitalize on Milk's reputation and associations with influencers, corporate clients such as Ford Motor Company, Absolut Vodka, Red Bull, Smartwater, Lexus and Samsung hire Milk to produce and present promotional events in various locations around the world. For example, to promote the redesign of the Ford Fusion automobile, Ford Motor Company collaborated with Milk's creative Legs division to create the "Wall to Wall: The Fusion

6

Collective," a multimedia exhibit featuring six artists, including Been Trill, Lady Gaga's former creative director who now collaborates with Kanye West and ShowStudio, and renowned fashion and conceptual art designer Cyril Duval. The contributors each created original artwork and documented their creative processes through editorial and video content. The Wall to Wall project opened in New York and traveled to Los Angeles.

23.     Milk promotes its sponsorship and cultural services, including its music and video services, by partnering with social networking sites like Tumblr (http://mlk.md/MilkTumblr) where Milk is ranked in the top ten fashion pages, Twitter (https://twitter.com/MilkStudios), Facebook (https://www.facebook.com/MilkMadeNY), Google+ (https://plus.google.com/+MilkmadeNY/posts), Instagram (http://instagram.com/milkstudios/), SoundCloud (https://soundcloud.com/milkmade), Pinterest (http://www.pinterest.com/milkstudios/), Vimeo (http://mlk.md/MilkVimeo), and MySpace (https://myspace.com/milkmade). Over 1 million people follow Milk's social channels, and more than 3 million people follow Milk's artists and media partners' social channels.

### Milk, Music and Video

24.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 of this Complaint as if fully recited herein.

25.     Milk, while first launched as a premier photography studio, has in the past and continues today to provide a myriad of services relating to music, including streaming curated playlists of music through its website, creating and editing music videos, hosting musical performances and events, and enabling musicians to create and record music.

26.     Milk's reputation and involvement in music is enhanced by its association and production of various live events such as the Creators Project, a 2010 Milk-hosted, day-long event sponsored by Intel Corporation and VICE that featured the work of leading international artists

7

and musical performances by critically acclaimed artists, including M.I.A., Sleigh Bells, Die Antwoord and Interpol. In 2014, Milk again partnered with Intel Corporation to launch MUZSE, a multi-workshop initiative involving designers from different creative disciplines who aim to present ideas that connect technology to culture.

27.     Milk's association with music goes further than current popular styles. In 2007, recognizing the lack of classical music performances in downtown New York City, Milk partnered with CAMI, a division of Columbia Artists Management, and with Align Entertainment to create MILK Salon, a series of intimate gatherings held at Milk Studios at which classical musicians such as Lang Lang, Yundi Li and Janine Jensen performed. MILK Salon was designed to introduce classical music to trendsetters and people in the fashion industry in the hopes of spreading classical music to a new generation. Milk's MILK Salon events found popularity in the music industry with collaborations with Universal Music Classics Group, Columbia Artists Management and Align Entertainment Group and were widely covered by the press, including *The New York Times*.

28.     Milk's on-premises "MILK Jam Room", which started in 2006 as an in-house rehearsal space for its employees, has now become a unique recording, performance and event space.

29.     The MILK Jam Room has hosted performances and/or rehearsals by Cyndi Lauper, the Kills, Mark Ronson, Patti Smith, Thoephilus London and Icona Pop, among others. Audio and video content from MILK Jam Room performances as well as interviews with the performers is routinely streamed or otherwise made available on Milk's MILKMADE.com digital platform.

ME1 19289060v.1

30.     Milk's trademark MILK features prominently in MILK Jam Room photos as shown below:



31.     Since 2011, Milk's involvement with music has largely focused on creating and streaming curated music playlists, music videos and interviews with musicians on its MILK MADE internet platform. *See, e.g.,* http://www.milkmade.com/articles/3144-CMJ-5-Bands-Who-Killed-It#.VFGyKMmCXPw. For example, Milk cultivated a playlist of songs from bands that performed at the 2013 Coachella music festival and streamed it to the public on its MILK MADE platform. *See* http://www.milkmade.com/articles/1970-Milk-Made-Mixtape-Coachella #.VFG0aMmCXPw.

32.     Milk also hosts listening sessions under the MILK brand for both established and up-and-coming artists across a variety of genres, including a listening party for the release of Kanye West's critically acclaimed "Yeezuz" album that was attended by Jay-Z, Beyonce and Justin Timberlake, among others.

33.     Milk hosts art exhibits in its MILK GALLERY that often center around music. In 2013, MILK GALLERY, with partner Boo Hooray, displayed hundreds of examples of homemade album cover-art by musicians from the 1970s' and 1980s' North American, British and Australian punk scene, as well as from the world of Jamaican Dub, Ska and Rocksteady.  In

9

2009, MILK GALLERY held an exhibit of photographs detailing the history of the musical group THE POLICE, which lead to an informal musical performance in Milk's Jam Room that same day. In 2007, MILK GALLERY also hosted an exhibit celebrating the release of the book "Tom Petty and the Heartbreakers Runnin' Down a Dream."

34.     Milk promotes music festivals such as the 2014 Global Citizens Festival in New York City during which artists such as Jay-Z, Beyonce, Tiesto, Fun, No Doubt and The Roots performed. Milk launched the festival at an event in the MILK Jam Room and the MILK GALLERY.

35.     Due to the remarkable unsolicited media coverage of Milk, brand opportunities, celebrity and influencer appreciation and its own marketing efforts, Milk has become the collaborating sponsor of choice to many creative and corporate leaders in all fields, in developing photographic, audio, and video content regularly featuring music.

## Milk's Federally Registered Family of Milk Marks

36.     Milk is the owner of the following family of MILK-formative marks (collectively the "MILK Marks"):

| Mark | Registration No. / Serial No. | Services |
|------|-------------------------------|----------|
| MILK | 3,312,318 | Class 35: Gallery for art exhibits; conducting and providing facilities for trade show exhibitions and for launching new products for others in the fields of art, photography, beauty products, print publications, automobiles, electronics, films, music, and fashions. |
| MILK MADE | 4,446,712 | Class 41: Providing a website featuring news, commentary, non-downloadable videos and photographs in the fields of music, entertainment and art; online journals, namely, blogs and online columns in the fields of fashion, beauty, music, entertainment and art. |

| | | |
|---|---|---|
| | | Class 44: Providing a website featuring news, commentary, non-downloadable videos and photographs in the field of beauty.<br><br>Class 45: Providing a website featuring news, commentary, non-downloadable videos and photographs in the field of fashion. |
| MILK GALLERY | 86/346,828 | Class 35: Gallery for art exhibits; conducting and providing facilities for trade show exhibitions and for launching new products for others in the fields of art, photography, beauty products, print publications, automobiles, electronics, films, music, and fashions. |
|  | 4,620,902 | Class 35: Gallery for art exhibits; conducting and providing facilities for trade show exhibitions and for launching new products for others in the fields of art, photography, beauty products, print publications, automobiles, electronics, films, music, and fashions |
|  | 3,236,886 | Class 41: Rental of photographic equipment |
|  | 3,324,347 | Class 41: Photography studio; rental of photographic equipment |

Certified copies of the Certificates of Registration for Milk's MILK-formative marks are attached as Exhibit B.

     37.    The federal registrations for each of Milk's registered MILK-formative marks are valid, subsisting, unrevoked and uncancelled, and, at all times relevant, in full force and effect,

and U.S. Application Serial No. 86/346,828 for the mark MILK GALLERY is valid, subsisting, unrevoked and, at all times relevant, in full force and effect. U.S. Registration Nos. 3,312,318, 3,236,886 and 3,324,347 are incontestable pursuant to 15 U.S.C. § 1065, and thus serve as conclusive evidence of the validity of the marks MILK, MILK EQUIPMENT RENTAL (and Design) and MILK STUDIOS (and Design), respectively, pursuant to 15 U.S.C. § 1115(b).

### Samsung's Knowledge of Plaintiff Milk

38.     Samsung has long been aware of Milk and the products and services that Milk provides under the MILK trademark. On no less than eighteen, separate occasions since August 2006, Samsung has availed itself of Milk's services and/or collaborated with Milk. These projects have included:

- Creating promotional materials for Samsung products;

- Launching the Samsung Infuse 4G mobile telephone in 2011;

- Launching Samsung's new appliance offerings at the "Make Your House Work" exhibit held at Milk Gallery on June 18-20, 2012;

- Sponsoring and providing various Samsung devices for *GROUND* magazine's first exhibit at Milk's MILK GALLERY on September 25, 2012.  The Samsung devices were used to transform *GROUND* magazine into an interactive experience; and

- Holding a multiday photo shoot at Milk Studios for *Vogue* and *GQ* magazines in September 2014.

39.     Samsung's personnel, including Samsung's management, has routinely interfaced with Milk personnel and visited the premises and studios of Milk. Samsung personnel and its

ME1 19289060v.1

management have had personal knowledge of the MILK marks, the services Milk provides and Milk's reputation for providing cutting-edge media services under the MILK brand.

### Samsung Usurps Milk's Trademark MILK

40.     Plaintiff repeats and restates the allegations contained in paragraphs 1 through 39 of this Complaint as if fully restated herein.

41.     Upon information and belief, there are approximately 174 million smartphone users in the United States, and Samsung is the second largest smartphone seller, commanding approximately twenty-nine percent of the market.  In other words, more than 50 million people in the United States use Samsung smartphones.

42.     Upon information and belief, Samsung's U.S. smartphone market share rose steadily in June, July and August 2014 in connection with the introduction of Samsung's Galaxy S5 model.

43.     In 2013, *Forbes* rated Samsung the ninth most valuable global brand, up three positions from its 2012 rankings. According to *Forbes*, in 2013, Samsung's brand value grew more than thirty percent faster than the most valuable brand, Apple.

44.     Upon information and belief, Samsung's brand value grew fifty-three percent in 2013.

45.     Samsung's advertising reflects its worldwide business. Upon information and belief, in 2012, Samsung spent at least $4.3 billion globally on the advertising of its products and services, $597 million dollars of which was directed to the United States advertising market.  In 2013, Samsung's global advertising budget was expected to total $14.3 billion dollars.

46.     On or about February 20, 2014, Milk learned that Samsung had filed three trademark applications with the U.S. Patent and Trademark Office to register variations of the

term "Milk" in connection with a streaming entertainment service that could broadcast music and video, and provide the online community access to a database of digital content.

47.    At the time of learning of Samsung's efforts to register the mark MILK, Milk also learned Samsung would be launching its rebranded music streaming service as "Milk" soon thereafter.

48.    Notwithstanding its clear and long-established knowledge of Milk's MILK trademarks, services, products and reputation, Samsung launched the streaming service and related mobile application to the public under the name "Milk" on Samsung Galaxy branded cell phones and tablets in March 2014. A screenshot from Samsung's website introducing the Infringing Media is shown below:



49.    The public can access Samsung's Infringing Media by downloading its so-called Milk app on Google Play.

14

50.     Upon information and belief, by July 31, 2014, the Google Play app for the Infringing Media was downloaded over 3 million times. The Infringing Media is downloaded onto the very same devices used by many who visit Plaintiff's various websites, including MILK MADE, in order to listen to music and watch video programming.

51.     Samsung's launch of the Infringing Media has taken place ten years after Milk first used the MILK mark in commerce, nearly one decade after Samsung began collaborating with Milk, and after Milk's registration of the mark MILK, and several other of its MILK-formative marks, has become incontestable.

52.     Upon information and belief, Samsung initially offered the Infringing Media to owners of Samsung devices for free. Since July 2014, Samsung has expanded the offerings for the Infringing Media to also include a premium tier. The premium tier, known as Milk Music Premium, is a subscription service for which consumers pay Samsung $3.99 per month to skip songs, play music without an Internet connection, set a sleep timer and turn on and off DJ commentary. The Infringing Media is now available to millions around the World.

53.     Upon information and belief, Samsung has adopted a multimedia promotion strategy for the Infringing Media.  For example, Samsung has advertised the Infringing Media in television commercials airing in prime time featuring Russell Simmons, at pop-up stores in malls, online and in stores selling Samsung Galaxy devices. A display from Samsung's pop-up store in a Houston, Texas mall is shown below:



54.     Samsung is going so far as to open a store in Summer 2015 located at 837 Washington Street, virtually down the block from Milk's New York headquarters. Samsung's promotional materials for the Infringing Media appear prominently in the soon-to-open store's windows, as shown below:



55.     Upon information and belief, Samsung is using the Infringing Media not only as a music streaming service, but also as a place to find new talent. Clearly modeling itself after

16

Plaintiff Milk, Samsung has partnered with various celebrities to use the Infringing Media to discover and develop "the next big thing in music."

56.     Upon Information and belief, on or about November 19, 2014, Samsung has now expanded its use of the term "Milk" to other media, including video streaming services and related mobile application under the name Milk Video. A screenshot of the application, as of November 24, 2014 is below:



57.     Upon information and belief, on February 14, 2014 and February 26, 2014, Samsung filed applications with the U.S. Patent and Trademark Office to register the marks MILK MUSIC (Application Serial No. 86/194,122), SAMSUNG MILK MUSIC (Application



Serial No. 86/194,116), MILKMUSIC.COM (Application Serial No. 86/194,119),

(Application Serial No. 86/205,388) and            (Application Serial No. 86/205,390) for use in connection with "Mobile software applications for streaming music, for accessing Internet radio, for enabling music and video broadcasting services, for accessing video-

MEI 19289060v.1

on-demand and for enabling social networking" in Class 9; "Online radio streaming services; Broadcasting services, namely, transmitting and streaming digital audio, video, graphics, voice data images, signals, text via the Internet, portable and wireless communication devices" in Class 38; and "Providing an online community, namely, providing access to databases and transmission and streaming of digital audio, video, graphics, text and data on Internet service enabling transmission and streaming of digital audio, video, graphics, text and data" in Class 41 (collectively, the "Infringing Marks"). Copies of the status of the applications for the Infringing Marks, as generated from the U.S. Patent and Trademark Office Status & Document Retrieval system, are attached as Exhibit A.

58.     Beginning on March 21, 2014, soon after it became aware of the Infringing Media, Milk demanded that Samsung stop using the MILK trademark in connection with the Infringing Media.

59.     Samsung through counsel repeatedly requested more time to consider a proposal to address Milk's concerns.

60.     In reliance on Samsung's representations, Milk in good faith refrained from taking further action, including holding off on filing this Complaint.

61.     On August 22, 2014, Samsung through counsel finally informed Milk that no counterproposal would be forthcoming, and that Samsung would not cease offering the Infringing Media under the MILK trademark and service mark.

ME1 19289060v.1

62.     Upon information and belief, Samsung, as a result of the foregoing acts, intentionally, willfully and knowingly adopted a mark for its mobile application and streaming services that is identical and/or virtually identical to Milk's MILK brand in, *inter alia*, an effort to trade on Milk's goodwill and the cachet associated with Milk's sponsorship and music services bearing the mark MILK.

63.     Milk has not authorized Samsung to distribute, provide, promote, advertise, offer for sale or sell services relating to sponsorship and music that bear the mark MILK or marks that resemble Milk's MILK mark.

64.     Samsung's use of a mark that is identical or substantially similar to Milk's MILK brand to identify its music and now video streaming services and related mobile applications is likely to cause confusion, mistake and deception among the public as to the origin of the Infringing Media, and is likely to deceive the public into believing that the Infringing Media originates from, is associated with, or is otherwise authorized by Milk, all to the damage and detriment of Milk, Milk's reputation and goodwill, and to the unjust enrichment of Samsung.

65.     Actual confusion already has occurred.  Following Samsung's announcement of the launch of its Milk music streaming service, Milk's current and potential business partners have inquired about Milk's apparent new relationship with Samsung, including whether the mobile application for the Infringing Media is related to Milk.  Third parties have assumed and stated, contrary to fact, that Milk now has a partnership with Samsung.

66.     Samsung's use of the mark MILK on or in connection with the promotion, distribution, provision, offer for sale and sale of the Infringing Media is causing immediate and continuing irreparable harm to Milk and will continue to do so unless restrained by this Court.

## COUNT ONE

## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1)(a))

67.     Milk repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

68.     Milk's federally registered MILK Marks and the goodwill of the business associated with them in the United States are of great and incalculable value.

69.     Milk's MILK Marks are highly distinctive and arbitrary and have become universally associated in the public mind with services of the highest quality that finds its source in Milk.

70.     Without Milk's authorization or consent, and having knowledge of Milk's prior rights in the MILK Marks, Samsung distributed, promoted, provided, offered for sale and sold in commerce the Infringing Media under a mark that is identical or nearly identical to Milk's MILK Marks.

71.     Samsung's infringing acts as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Samsung with Milk, and as to the origin, sponsorship, or approval of Samsung's Infringing Media by Milk, all to the damage and detriment of Milk and of Milk's reputation, goodwill and sales.

72.     As a direct and proximate result of Samsung's infringement of the MILK Marks, Milk has been damaged. Milk is thus entitled to the recovery of damages, multiple damages, reasonable attorney's fees, prejudgment interest and costs pursuant to 15 U.S.C. § 1117(a) and (b).

73.     Milk has no adequate remedy at law. If Samsung's activities are not enjoined, Milk will suffer immediate and continuing irreparable harm and injury to its reputation and to the goodwill associated with its MILK Marks.

## COUNT TWO

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

74.     Milk repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

75.     The Infringing Media distributed, promoted, provided, sold and offered for sale by Samsung under the name MILK is closely related and complementary to Milk's services and content distributed, promoted, provided, offered for sale and sold under its MILK brand.

76.     By misappropriating and using marks that are identical and/or highly similar to Milk's distinctive MILK Marks, Samsung has misrepresented and falsely described to the public the origin and source of the Infringing Media and has created a likelihood of confusion among the public and the ultimate purchasers as to both the source and sponsorship of the Infringing Media.

77.     Samsung's unlawful and unauthorized distribution, promotion, offer for sale and sale of the Infringing Media creates express and implied misrepresentations that the Infringing Media was authorized, approved of and/or sponsored by Milk, all to Samsung's profit and Milk's great damage and injury.

78.     Samsung's use of Milk's MILK Marks in connection with the Infringing Media constitutes a false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

21

79.     As a direct and proximate result of Samsung's infringement of Milk's MILK Marks, Milk has been damaged. Milk is thus entitled to the recovery of damages, multiple damages, reasonable attorney's fees, prejudgment interest and costs pursuant to 15 U.S.C. § 1117(a) and (b).

80.     Milk has no adequate remedy at law, and if Samsung's activities are not enjoined, Milk with suffer immediate and continuing irreparable harm and injury to its business and to its reputation, and to the goodwill associated with its MILK Marks.

## COUNT THREE

### REVERSE CONFUSION
### (15 U.S.C. § 1114(1)(a))

81.     Milk repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

82.     Samsung used the mark MILK and marks that are nearly identical to the mark MILK without the consent of Milk in a manner that is likely to cause confusion among ordinary consumers as to the source of the goods and services.

83.     Because of the tremendous size and reach of Samsung, its misappropriation of the MILK mark will destroy the valuable brand equity that Milk has built into its mark in relatively short order.

84.     Samsung's actions are likely to cause the public to conclude incorrectly that Milk's music and video services and related mobile applications emanate from Samsung, which will damage both Milk and the public.

85.     Samsung's unauthorized use of the mark MILK and marks that closely resemble the mark MILK in interstate commerce as described above constitutes reverse trademark infringement and is likely to cause consumer confusion, mistake or deception.

ME1 19289060v.1

86.     As a direct and proximate result of Samsung's reverse trademark infringement, Milk has suffered and will continue to suffer loss of income, profits and goodwill and Samsung has and will continue to unfairly acquire income profits and goodwill.

87.     As a direct and proximate result of Samsung's infringement of Milk's MILK Marks, Milk has been damaged. Milk is thus entitled to the recovery of damages, multiple damages, reasonable attorney's fees, prejudgment interest and costs pursuant to 15 U.S.C. § 1117(a) and (b).

88.     Milk has no adequate remedy at law.  If Samsung's acts of reverse infringement are not enjoined, Milk will suffer immediate and continuing irreparable harm and injury to its reputation and to the goodwill associated with its MILK Marks.

## COUNT FOUR

### FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

89.     Milk repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

90.     Milk's MILK Marks are distinctive and are "famous marks" within the meaning of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Milk's MILK Marks were famous mark prior to Samsung's conduct as alleged herein.

91.     Samsung's distribution, promotion, provision, offer for sale and sale in commerce of the Infringing Media dilutes the distinctiveness and renown of Milk's MILK Marks.

92.     Upon information and belief, Samsung's conduct is being done with the knowing and willful intent to trade on Milk's reputation and the goodwill in its MILK Marks, and to dilute and blur the distinctiveness and renown of its MILK Marks.

ME1 19289060v.1

93.     Upon information and belief, Samsung is and was aware that its use of copies and/or colorable imitations of Milk's mark MILK on the Infringing Media is being done without the authorization of Milk.

94.     Milk has no adequate remedy at law.  If Samsung's activities are not enjoined, Milk will suffer immediate and continuing irreparable harm and injury to its business, to its reputation, and to the goodwill and distinctiveness in the MILK Marks.

**COUNT FIVE**

**TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW**

95.     Milk repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

96.     Milk has built up valuable goodwill in its MILK Marks through its continuous use and promotion of its MILK and MILK-formative Marks.

97.     With knowledge of Milk's prior rights in Milk's federally registered MILK Marks, Samsung has, without authorization from Milk, traded on and continues to trade on, the goodwill associated with the MILK Marks, and has misled the public into believing that the Infringing Media is endorsed or sponsored by, or otherwise affiliated with, Milk.

98.     Samsung's unauthorized use of a mark that is identical or nearly identical to Milk's MILK Marks is likely to cause confusion, mistake and deception to the public as to the affiliation, connection or association of Samsung with Milk, and as to the origin, sponsorship or approval of Samsung's goods and services by Milk.

99.     By Samsung's unauthorized acts, Samsung is directly infringing Milk's rights in Milk's federally registered MILK Marks in violation of New York common law, to the damage of Milk and the unjust enrichment of Samsung.

ME1 19289060v.1

100. Upon information and belief, Samsung's conduct is intentional and willful because Samsung has infringed and continues to infringe Milk's federal trademark registrations for the MILK Marks (i) with knowledge that Milk owns and has the exclusive nationwide right to use the MILK Marks, (ii) with the intention of causing a likelihood of confusion and mistake and to deceive, and (iii) with the intention of eliminating competition from Milk.

101. Milk has no adequate remedy at law, and if Samsung's activities are not enjoined, such activities will continue to cause irreparable harm and injury to the goodwill symbolized by Milk's MILK Marks.

**COUNT SIX**

**TRADEMARK DILUTION UNDER NEW YORK LAW**
**(New York General Business Law § 360-l)**

102. Milk repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

103. Milk's MILK Marks have acquired distinctiveness and are widely recognized by the general consuming public of the State of New York as a designation of source of Milk's services.

104. Without Milk's authorization, Samsung is offering the Infringing Media under a name that is identical to and/or that closely resembles the MILK Marks.

105. As a result of such acts on the part of Samsung, the public is likely to assume, incorrectly, that there is an association between the Infringing Media and Milk.

106. Samsung's distribution, promotion, provision, offer for sale and sale of the Infringing Media are therefore likely to dilute and blur the distinctive quality of Milk's famous MILK Marks.

ME1 19289060v.1

107.    Samsung knew and intended their acts to dilute Milk's MILK Marks and to injure Milk's business and reputation.

108.    Absent injunctive relief, Samsung will continue to dilute and whittle away the reputation and value enjoyed by Milk in its MILK Marks. Milk is therefore entitled to injunctive relief.

109.    Defendants' acts as described above constitute trademark dilution under New York law and detract from the distinctiveness of Milk's MILK Marks, resulting in damage to Milk and the substantial business and goodwill symbolized by the MILK Marks, in violation of New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-1.

## COUNT SEVEN

## UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW

110.    Milk repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

111.    With knowledge of the fame and distinctiveness of Milk's federally registered MILK Marks, Samsung intended to and did trade on the goodwill associated with Milk's MILK Marks by distributing, promoting, providing, offering for sale and selling music streaming and video services and related mobile applications that are substantially similar and/or closely related to and complementary of Milk's services under its MILK Marks.

112.    Samsung's acts as alleged herein are likely to cause confusion, mistake and deception to the public as to the affiliation, connection or association of Samsung with Milk, and as to the origin, sponsorship or approval of the Infringing Media by Milk, all to the detriment and damage of Milk and the unjust enrichment of Samsung.

113.    Milk has no adequate remedy at law. If Samsung's activities are not enjoined, Milk will suffer immediate and continuing irreparable harm and injury to its reputation and to the goodwill and distinctiveness in Milk's MILK Marks.

## COUNT EIGHT

### UNLAWFUL DECEPTIVE ACTS AND PRACTICES
### (New York General Business Law § 349)

114.    Milk repeats and realleges the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

115.    Samsung's acts as described above constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349.

116.    Samsung's unauthorized use of the MILK Marks and/or marks that closely resemble the MILK Marks is likely to cause confusion, mistake and/or deception among consumers, and thus constitutes an unfair trade practice.

117.    Milk has no adequate remedy at law. If Samsung' activities are not enjoined, Milk will suffer immediate and continuing irreparable harm and injury to its reputation and to the goodwill and distinctiveness in Milk's MILK Marks.

## COUNT NINE

### UNJUST ENRICHMENT

118.    Milk repeats and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

119.    Upon information and belief, as a result of the confusion, mistake and/or deception caused among consumers by Samsung's unauthorized use of the MILK Marks and/or marks that closely resemble the MILK Marks, Samsung has profited from its music streaming and video services and related mobile applications under Milk's MILK Marks.

ME1 19289060v.1

120.    Upon information and belief, Samsung has been unjustly enriched by unfairly profiting from its misappropriation of the MILK Marks.

121.    Milk has been damaged by Samsung's unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Milk prays for the following relief:

1.    That Samsung, its parents, subsidiaries, officers, agents, employees, and all persons acting for, with, by, through or under them be enjoined and restrained, preliminarily during the pendency of this action and, thereafter, permanently:

a)    From using in any manner Milk's MILK Marks, or any other mark which so resembles Milk's MILK Marks as to be likely to cause confusion, deception or mistake on or in connection with the distribution, advertising, promotion, provision, offering for sale or sale of any product or service not emanating from Milk or not authorized by Milk to be sold in connection with Milk's MILK Marks;

b)    From passing off, inducing or enabling others to sell or pass off any goods or services as and for goods or services produced by Milk, which are not in fact Milk's goods or services, or not produced under the control and supervision of Milk and approved by Milk for sale under Milk's MILK Marks;

c)    From committing any acts calculated to cause consumers to believe that Samsung's goods and services are sold under the control or supervision of Milk, or sponsored or approved by, connected with, guaranteed by, or produced under the control and supervision of Milk;

d)    From further diluting and infringing Milk's MILK Marks and damaging Milk's reputation and its goodwill in its MILK Marks;

e)    From otherwise competing unfairly with Milk in any manner; and

    f)      From shipping, delivering, transferring or otherwise disposing of, in any manner, products or inventory which bears Milk's MILK Marks or any mark confusingly similar thereto.

2.      That this Court issue a Mandate to the United States Patent and Trademark Office ordering Samsung's U.S. trademark applications, Serial Nos. 86/194,122, 86/194,116, 86/194,119, 86/205,388 and 86/205,390, be refused registration;

3.      That Samsung account for and pay over to Milk any profits realized by Samsung by reason of Samsung's unlawful and willful acts as alleged herein;

4.      That Milk be awarded actual damages in an amount to be proven at trial and punitive damages in an amount to be proven at trial;

5.      That Milk be awarded statutory damages pursuant to 15 U.S.C. § 1117(c);

6.      That the amount of damages awarded to Milk be increased by a sum not exceeding three times the amount thereof as provided by law;

7.      That Milk be awarded interest, including pre-judgment interest, on all damages sums;

8.      That Milk be awarded damages in such an amount as is reasonable for Milk to conduct marketing and advertising activities necessary to at least in part repair the damage done to its trademark and brand by the actions of Samsung;

ME1 19289060v.1

9.      That Milk be awarded its costs and reasonable attorney's fees and have such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1118 and New York General Business Law §§ 349, 360-l and 360-m; and

10.     That Milk have such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), Plaintiff Milk Studios, LLC hereby demands a jury trial on all issues so triable that are raised by this Complaint.

Dated: New York, NY
        November 24, 2014

McCARTER & ENGLISH, LLP

By:_____
Harley I. Lewin
James H. Donoian
McCarter & English
245 Park Avenue
New York, New York  10167
Tel.: (212) 609-6800
Fax: (212) 609-6921
hlewin@mccarter.com
jdonoian@mccarter.com

Lee Carl Bromberg
Lori J. Shyavitz
McCarter & English, LLP
265 Franklin Street
Boston, Massachusetts  02110
Tel.: (617) 449-6500
Fax: (617) 607-9200
lbromberg@mccarter.com
lshyavitz@mccarter.com

MEI 19289060v.1

9.  That Milk be awarded its costs and reasonable attorney's fees and have such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under 15 U.S.C. §§ 1116-1118 and New York General Business Law §§ 349, 360-l and 360-m; and

10.  That Milk have such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), Plaintiff Milk Studios, LLC hereby demands a jury trial on all issues so triable that are raised by this Complaint.

Dated: New York, NY
        November 24, 2014

McCARTER & ENGLISH, LLP

By: _____
    Harley I. Lewin
    James H. Donoian
    McCarter & English
    245 Park Avenue
    New York, New York  10167
    Tel.: (212) 609-6800
    Fax: (212) 609-6921
    hlewin@mccarter.com
    jdonoian@mccarter.com

    Lee Carl Bromberg
    Lori J. Shyavitz
    McCarter & English, LLP
    265 Franklin Street
    Boston, Massachusetts  02110
    Tel.: (617) 449-6500
    Fax: (617) 607-9200
    lbromberg@mccarter.com
    lshyavitz@mccarter.com

30

# Exhibit

# A

Generated on: This page was generated by TSDR on 2014-11-24 15:31:00 EST
Mark: MILK MUSIC

MILK MUSIC

US Serial Number: 86194122                    Application Filing Date: Feb. 14, 2014
Register: Principal
Mark Type: Trademark, Service Mark
Status: A request for an extension of time to file an opposition has been filed with the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.
Status Date: Sep. 19, 2014
Publication Date: Sep. 09, 2014

## Mark Information

Mark Literal Elements: MILK MUSIC
Standard Character Claim: Yes. The mark consists of standard characters without claim to any particular font style, size, or color.
Mark Drawing Type: 4 - STANDARD CHARACTER MARK
Disclaimer: "MUSIC"

## Goods and Services

Note: The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

For: Mobile software applications for streaming music, for accessing Internet radio, for enabling music and video broadcasting services, for accessing video-on-demand and for enabling social networking
International Class(es): 009 - Primary Class          U.S Class(es): 021, 023, 026, 036, 038
Class Status: ACTIVE
Basis: 1(b)

For: Online radio streaming services; Broadcasting services, namely, transmitting and streaming digital audio, video, graphics, voice data images, signals, text via the Internet, portable and wireless communication devices; Providing an online community, namely, providing access to databases and transmission and streaming of digital audio, video, graphics, text and data on Internet service enabling transmission and streaming of digital audio, video, graphics, text and data
International Class(es): 038 - Primary Class          U.S Class(es): 100, 101, 104
Class Status: ACTIVE
Basis: 1(b)

For: Entertainment services, namely, providing radio programs in the field of music
International Class(es): 041 - Primary Class          U.S Class(es): 100, 101, 107
Class Status: ACTIVE
Basis: 1(b)

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| Filed Use: | No | Currently Use: | No | Amended Use: | No |
| Filed ITU: | Yes | Currently ITU: | Yes | Amended ITU: | No |
| Filed 44D: | No | Currently 44D: | No | Amended 44D: | No |
| Filed 44E: | No | Currently 44E: | No | Amended 44E: | No |
| Filed 66A: | No | Currently 66A: | No | | |
| Filed No Basis: | No | Currently No Basis: | No | | |

## Current Owner(s) Information

Owner Name: Samsung Electronics Co., Ltd
Owner Address: 129, Samsung-ro, Yeongtong-gu
Suwon-si, Gyeonggi-do
KOREA, REPUBLIC OF

Legal Entity Type: CORPORATION                State or Country Where  KOREA, REPUBLIC OF
                                                        Organized:

## Attorney/Correspondence Information

### Attorney of Record

Attorney Name: Diane J. Mason                    Docket Number: 26926
Attorney Primary Email  trademarksf@leclairryan.com     Attorney Email  Yes
            Address:                                         Authorized:

### Correspondent

Correspondent  DIANE J. MASON
Name/Address:  LECLAIRRYAN LLP
               44 MONTGOMERY ST FL 18
               SAN FRANCISCO, CALIFORNIA 94104-4705
               UNITED STATES
        Phone: 415-913-4911                                    Fax:  415-391-8766
Correspondent e-mail: trademarksf@leclairryan.com    Correspondent e-mail  Yes
                                                             Authorized:

Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Sep. 19, 2014 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Sep. 09, 2014 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Sep. 09, 2014 | PUBLISHED FOR OPPOSITION | |
| Aug. 20, 2014 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Aug. 04, 2014 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 77312 |
| Aug. 04, 2014 | ASSIGNED TO LIE | 77312 |
| Jul. 25, 2014 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jul. 25, 2014 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Jul. 24, 2014 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Jul. 24, 2014 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| May 22, 2014 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| May 22, 2014 | NON-FINAL ACTION E-MAILED | 6325 |
| May 22, 2014 | NON-FINAL ACTION WRITTEN | 81139 |
| May 22, 2014 | LETTER OF PROTEST EVIDENCE REVIEWED | 81139 |
| May 21, 2014 | ASSIGNED TO EXAMINER | 81139 |
| Apr. 22, 2014 | LETTER OF PROTEST ACCEPTED | |
| Feb. 27, 2014 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Feb. 18, 2014 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

### TM Staff Information

TM Attorney:  BUTTON, JENNIFER JO        Law Office Assigned:  LAW OFFICE 105

### File Location

Current Location:  PUBLICATION AND ISSUE SECTION        Date in Location:  Aug. 04, 2014

## Proceedings

**Summary**
Number of Proceedings: 1

### Type of Proceeding: Extension of Time

Proceeding Number: 86194122                  Filing Date:  Sep 19, 2014
        Status: Not Instituted               Status Date:  Sep 19, 2014
Interlocutory Attorney:

### Defendant

Name: Samsung Electronics Co., Ltd

Correspondent Address: DIANE J. MASON
LECLAIRRYAN LLP
44 MONTGOMERY ST FL 18
SAN FRANCISCO CA , 94104-4705

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| MILK MUSIC | Request For Extension of Time to File Opposition | 86194122 | |

**Potential Opposer(s)**

Name: Milq, Inc.

Correspondent Address: Douglas R. Bush
Arent Fox LLP
1717 K Street, NW
Washington DC , 20006
UNITED STATES

Correspondent e-mail: bush.doug@arentfox.com , henrye@arentfox.com , tmdocket@arentfox.com

Name: Milk Studios, LLC

Correspondent Address: Dyan Finguerra-DuCharme
Pryor Cashman LLP
7 Times Square
New York NY , 10036
UNITED STATES

Correspondent e-mail: dfinguerra-ducharme@pryorcashman.com , jeischeid@pryorcashman.com , tmdocketing@pryorcashman.com

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | Sep 19, 2014 | |
| 2 | EXTENSION OF TIME GRANTED | Sep 19, 2014 | |
| 3 | INCOMING - EXT TIME TO OPPOSE FILED | Oct 02, 2014 | |
| 4 | EXTENSION OF TIME GRANTED | Oct 02, 2014 | |

Generated on: This page was generated by TSDR on 2014-11-24 15:31:24 EST
Mark: MILKMUSIC.COM

MILKMUSIC.COM

US Serial Number: 86194119                      Application Filing Date: Feb. 14, 2014
Register: Principal
Mark Type: Trademark, Service Mark
Status: A request for an extension of time to file an opposition has been filed with the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.
Status Date: Sep. 19, 2014
Publication Date: Sep. 09, 2014

## Mark Information

Mark Literal Elements: MILKMUSIC.COM
Standard Character Claim: Yes. The mark consists of standard characters without claim to any particular font style, size, or color.
Mark Drawing Type: 4 - STANDARD CHARACTER MARK

## Goods and Services

Note: The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

For: Mobile software applications for streaming music, for accessing Internet radio, for enabling music and video broadcasting services, for accessing video-on-demand and for enabling social networking
International Class(es): 009 - Primary Class          U.S Class(es): 021, 023, 026, 036, 038
Class Status: ACTIVE
Basis: 1(b)

For: Online radio streaming services; Broadcasting services, namely, transmitting and streaming digital audio, video, graphics, voice data images, signals, text via the Internet, portable and wireless communication devices; Providing an online community, namely, providing access to databases and transmission and streaming of digital audio, video, graphics, text and data on Internet service enabling transmission and streaming of digital audio, video, graphics, text and data
International Class(es): 038 - Primary Class          U.S Class(es): 100, 101, 104
Class Status: ACTIVE
Basis: 1(b)

For: Entertainment services, namely, providing radio programs in the field of music
International Class(es): 041 - Primary Class          U.S Class(es): 100, 101, 107
Class Status: ACTIVE
Basis: 1(b)

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| Filed Use: | No | Currently Use: | No | Amended Use: | No |
| Filed ITU: | Yes | Currently ITU: | Yes | Amended ITU: | No |
| Filed 44D: | No | Currently 44D: | No | Amended 44D: | No |
| Filed 44E: | No | Currently 44E: | No | Amended 44E: | No |
| Filed 66A: | No | Currently 66A: | No | | |
| Filed No Basis: | No | Currently No Basis: | No | | |

## Current Owner(s) Information

Owner Name: Samsung Electronics Co., Ltd
Owner Address: 129, Samsung-ro, Yeongtong-gu
Suwon-si, Gyeonggi-do
KOREA, REPUBLIC OF
Legal Entity Type: CORPORATION          State or Country Where: KOREA, REPUBLIC OF

Organized:

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** Diane J. Mason | **Docket Number:** 26926 |
| **Attorney Primary Email Address:** trademarksf@leclairryan.com | **Attorney Email Authorized:** Yes |

### Correspondent

**Correspondent Name/Address:** DIANE J. MASON
LECLAIRRYAN LLP
44 MONTGOMERY ST FL 18
SAN FRANCISCO, CALIFORNIA 94104-4705
UNITED STATES

| | |
|---|---|
| **Phone:** 415-913-4911 | **Fax:** 415-391-8766 |
| **Correspondent e-mail:** trademarksf@leclairryan.com | **Correspondent e-mail Authorized:** Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Sep. 19, 2014 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Sep. 09, 2014 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Sep. 09, 2014 | PUBLISHED FOR OPPOSITION | |
| Aug. 20, 2014 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Aug. 04, 2014 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 77312 |
| Aug. 04, 2014 | ASSIGNED TO LIE | 77312 |
| Jul. 25, 2014 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jul. 25, 2014 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Jul. 24, 2014 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Jul. 24, 2014 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| May 22, 2014 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| May 22, 2014 | NON-FINAL ACTION E-MAILED | 6325 |
| May 22, 2014 | NON-FINAL ACTION WRITTEN | 81139 |
| May 22, 2014 | LETTER OF PROTEST EVIDENCE REVIEWED | 81139 |
| May 21, 2014 | ASSIGNED TO EXAMINER | 81139 |
| Apr. 22, 2014 | LETTER OF PROTEST ACCEPTED | |
| Feb. 28, 2014 | NOTICE OF PSEUDO MARK E-MAILED | |
| Feb. 27, 2014 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Feb. 18, 2014 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

### TM Staff Information

| | |
|---|---|
| **TM Attorney:** BUTTON, JENNIFER JO | **Law Office Assigned:** LAW OFFICE 105 |

### File Location

| | |
|---|---|
| **Current Location:** PUBLICATION AND ISSUE SECTION | **Date in Location:** Aug. 04, 2014 |

## Proceedings

### Summary

**Number of Proceedings:** 1

### Type of Proceeding: Extension of Time

| | |
|---|---|
| **Proceeding Number:** 86194119 | **Filing Date:** Sep 19, 2014 |
| **Status:** Not Instituted | **Status Date:** Sep 19, 2014 |
| **Interlocutory Attorney:** | |

**Defendant**

**Name:** Samsung Electronics Co., Ltd

**Correspondent Address:** DIANE J. MASON
LECLAIRRYAN LLP
44 MONTGOMERY ST FL 18
SAN FRANCISCO CA , 94104-4705

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| MILKMUSIC.COM | Request For Extension of Time to File Opposition | <u>86194119</u> | |

**Potential Opposer(s)**

**Name:** Milk Studios, LLC

**Correspondent Address:** Dyan Finguerra-DuCharme
Pryor Cashman LLP
7 Times Square
New York NY , 10036
UNITED STATES

**Correspondent e-mail:** <u>dfinguerra-ducharme@pryorcashman.com</u> , <u>jeischeid@pryorcashman.com</u> , <u>tmdocketing@pryorcashman.com</u>

**Name:** Milq, Inc.

**Correspondent Address:** Douglas R. Bush
Arent Fox LLP
1717 K Street, NW
Washington DC , 20006
UNITED STATES

**Correspondent e-mail:** <u>bush.doug@arentfox.com</u> , <u>henrye@arentfox.com</u> , <u>tmdocket@arentfox.com</u>

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|--------------|-------------|------|----------|
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | Sep 19, 2014 | |
| 2 | EXTENSION OF TIME GRANTED | Sep 19, 2014 | |
| 3 | INCOMING - EXT TIME TO OPPOSE FILED | Oct 02, 2014 | |
| 4 | EXTENSION OF TIME GRANTED | Oct 02, 2014 | |

Generated on: This page was generated by TSDR on 2014-11-24 15:31:39 EST
Mark: SAMSUNG MILK MUSIC

SAMSUNG MILK MUSIC

| | |
|---|---|
| US Serial Number: 86194116 | Application Filing Date: Feb. 14, 2014 |
| Register: Principal | |
| Mark Type: Trademark, Service Mark | |
| Status: A request for an extension of time to file an opposition has been filed with the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page. | |
| Status Date: Sep. 19, 2014 | |
| Publication Date: Sep. 09, 2014 | |

## Mark Information

Mark Literal Elements: SAMSUNG MILK MUSIC
Standard Character Claim: Yes. The mark consists of standard characters without claim to any particular font style, size, or color.
Mark Drawing Type: 4 - STANDARD CHARACTER MARK
Disclaimer: "MUSIC"
Translation: The English translation of "SAMSUNG" in the mark is "three stars".

## Related Properties Information

Claimed Ownership of US Registrations: 2929523, 3877692, 4235178 and others

## Goods and Services

Note: The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

For: Mobile software applications for streaming music, for accessing Internet radio, for enabling music and video broadcasting services, for accessing video-on-demand and for enabling social networking

International Class(es): 009 - Primary Class          U.S Class(es): 021, 023, 026, 036, 038
Class Status: ACTIVE
Basis: 1(b)

For: Online radio streaming services; Broadcasting services, namely, transmitting and streaming digital audio, video, graphics, voice data images, signals, text via the Internet, portable and wireless communication devices; Providing an online community, namely, providing access to databases and transmission and streaming of digital audio, video, graphics, text and data on Internet service enabling transmission and streaming of digital audio, video, graphics, text and data

International Class(es): 038 - Primary Class          U.S Class(es): 100, 101, 104
Class Status: ACTIVE
Basis: 1(b)

For: Entertainment services, namely, providing radio programs in the field of music

International Class(es): 041 - Primary Class          U.S Class(es): 100, 101, 107
Class Status: ACTIVE
Basis: 1(b)

## Basis Information (Case Level)

| | | |
|---|---|---|
| Filed Use: No | Currently Use: No | Amended Use: No |
| Filed ITU: Yes | Currently ITU: Yes | Amended ITU: No |
| Filed 44D: No | Currently 44D: No | Amended 44D: No |
| Filed 44E: No | Currently 44E: No | Amended 44E: No |
| Filed 66A: No | Currently 66A: No | |
| Filed No Basis: No | Currently No Basis: No | |

## Current Owner(s) Information

Owner Name: Samsung Electronics Co., Ltd

Owner Address: 129, Samsung-ro, Yeongtong-gu
Suwon-si, Gyeonggi-do
KOREA, REPUBLIC OF

Legal Entity Type: CORPORATION

State or Country Where Organized: KOREA, REPUBLIC OF

## Attorney/Correspondence Information

### Attorney of Record

Attorney Name: Diane J. Mason

Docket Number: 26926

Attorney Primary Email Address: trademarksf@leclairryan.com

Attorney Email Authorized: Yes

### Correspondent

Correspondent Name/Address: DIANE J. MASON
LECLAIRRYAN LLP
44 MONTGOMERY ST FL 18
SAN FRANCISCO, CALIFORNIA 94104-4705
UNITED STATES

Phone: 415-913-4911

Fax: 415-391-8766

Correspondent e-mail: trademarksf@leclairryan.com

Correspondent e-mail Authorized: Yes

Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Sep. 19, 2014 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Sep. 09, 2014 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Sep. 09, 2014 | PUBLISHED FOR OPPOSITION | |
| Aug. 20, 2014 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Aug. 04, 2014 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 77312 |
| Aug. 04, 2014 | ASSIGNED TO LIE | 77312 |
| Jul. 25, 2014 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jul. 25, 2014 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Jul. 24, 2014 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Jul. 24, 2014 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| May 22, 2014 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| May 22, 2014 | NON-FINAL ACTION E-MAILED | 6325 |
| May 22, 2014 | NON-FINAL ACTION WRITTEN | 81139 |
| May 22, 2014 | ATTORNEY REVIEW COMPLETED | 81139 |
| May 22, 2014 | LETTER OF PROTEST EVIDENCE REVIEWED | 81139 |
| May 21, 2014 | ASSIGNED TO EXAMINER | 81139 |
| Apr. 22, 2014 | LETTER OF PROTEST ACCEPTED | |
| Feb. 27, 2014 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Feb. 18, 2014 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

### TM Staff Information

TM Attorney: BUTTON, JENNIFER JO

Law Office Assigned: LAW OFFICE 105

### File Location

Current Location: PUBLICATION AND ISSUE SECTION

Date in Location: Aug. 04, 2014

## Proceedings

Summary

Number of Proceedings: 1

---

**Type of Proceeding: Extension of Time**

---

Proceeding Number: 86194116                              Filing Date: Sep 19, 2014

Status: Not Instituted                              Status Date: Sep 19, 2014

Interlocutory Attorney:

**Defendant**

Name: Samsung Electronics Co., Ltd

Correspondent Address: DIANE J. MASON
LECLAIRRYAN LLP
44 MONTGOMERY ST FL 18
SAN FRANCISCO CA , 94104-4705

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| SAMSUNG MILK MUSIC | Request For Extension of Time to File Opposition | 86194116 | |

**Potential Opposer(s)**

Name: Milk Studios, LLC

Correspondent Address: Dyan Finguerra-DuCharme
Pryor Cashman LLP
7 Times Square
New York NY , 10036
UNITED STATES

Correspondent e-mail: dfinguerra-ducharme@pryorcashman.com , jeischeid@pryorcashman.com , tmdocketing@pryorcashman.com

Name: Milq, Inc.

Correspondent Address: Douglas R. Bush
Arent Fox LLP
1717 K Street, NW
Washington DC , 20006
UNITED STATES

Correspondent e-mail: bush.doug@arentfox.com , henrye@arentfox.com , tmdocket@arentfox.com

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | Sep 19, 2014 | |
| 2 | EXTENSION OF TIME GRANTED | Sep 19, 2014 | |
| 3 | INCOMING - EXT TIME TO OPPOSE FILED | Oct 02, 2014 | |
| 4 | EXTENSION OF TIME GRANTED | Oct 02, 2014 | |

# Exhibit

# B

# United States of America

## United States Patent and Trademark Office

Milk Studios

**Reg. No. 3,324,347**   MILK STUDIOS, LLC (DELAWARE LIMITED LIABILITY COMPANY)
450 WEST 15TH STREET
**Registered Oct. 30, 2007**   NEW YORK, NY 10011

**Corrected Dec. 31, 2013**   FOR: PHOTOGRAPHY STUDIO; RENTAL OF PHOTOGRAPHIC EQUIPMENT, IN CLASS
41 (U.S. CLS. 100, 101 AND 107).

**Int. Cl.: 41**

FIRST USE 4-1-1996; IN COMMERCE 4-1-1996.

**SERVICE MARK**   NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "STUDIOS", APART FROM THE
MARK AS SHOWN.

**PRINCIPAL REGISTER**

SER. NO. 78-906,835, FILED 6-13-2006.



*Deborah S. Cohn*

Commissioner for Trademarks of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k.  If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date).  The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at http://www.uspto.gov.**

Page: 2 / RN # 3,324,347

# United States of America

## United States Patent and Trademark Office

# MILK

**Reg. No. 3,312,318**
**Registered Oct. 16, 2007**
**Corrected Dec. 3, 2013**
**Int. Cls.: 35 and 41**

**SERVICE MARK**
**PRINCIPAL REGISTER**

MILK STUDIOS, LLC (DELAWARE LIMITED LIABILITY COMPANY)
450 WEST 15TH STREET
NEW YORK, NY 10011

FOR: GALLERY FOR ART EXHIBITS; CONDUCTING AND PROVIDING FACILITIES FOR TRADE SHOW EXHIBITIONS AND FOR LAUNCHING NEW PRODUCTS FOR OTHERS IN THE FIELDS OF ART, PHOTOGRAPHY, BEAUTY PRODUCTS, PRINT PUBLICATIONS, AUTOMOBILES, ELECTRONICS, FILMS, MUSIC, AND FASHIONS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-1-1996; IN COMMERCE 1-1-2004.

FOR: PHOTOGRAPHY STUDIO; RENTAL OF PHOTOGRAPHIC EQUIPMENT, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 4-1-1996; IN COMMERCE 4-1-1996.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-906,894, FILED 6-13-2006.



Commissioner for Trademarks of the
United States Patent and Trademark Office

---

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,236,886**

**Registered May 1, 2007**

**Corrected Oct. 1, 2013**

**Int. Cl.: 41**

**SERVICE MARK**

**PRINCIPAL REGISTER**

MILK STUDIOS, LLC (DELAWARE LIMITED LIABILITY COMPANY)
450 WEST 15TH STREET
NEW YORK, NY 10011

FOR: RENTAL OF PHOTOGRAPHIC EQUIPMENT, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 10-1-2000; IN COMMERCE 10-1-2000.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "EQUIPMENT RENTAL", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A CREST WITH TWO LARGE CLAMPS (ABOVE AND TO RIGHT AND LEFT OF THE WORD "MILK"), A SERIES OF SMALL CLAMPS FORMING A U SHAPE; A CAMERA IN FRONT-VIEW (CENTERED BELOW THE WORD "RENTAL") AND TWO TRIPOD LEGS (TO RIGHT AND LEFT OF THE CAMERA).

SER. NO. 78-906,954, FILED 6-13-2006.



Deputy Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

>    *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

>    *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

>    You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.**