

McCARTER
&ENGLISH
ATTORNEYS AT LAW

December 22, 2014

VIA ECF

Hon. Paul A. Crotty
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Harley I. Lewin
Partner
T. 212-609-6818
F. 212-602-0122
hlewin@mccarter.com

Re:  Milk Studios, LLC v. Samsung Electronics Co., Ltd., et al.
     Civ. Action No. 14-cv-09362 (PAC)

Dear Judge Crotty:

McCarter & English, LLP
245 Park Avenue
27th Floor
New York, NY  10167-0001
T. 212.609.6800
F. 212.609.6921
www.mccarter.com

Plaintiff Milk Studios, LLC ("Milk") requests a pre-motion conference pursuant to Rule 3D of your Individual Practices regarding a motion for expedited proceedings and trial of this matter.  We have advised counsel for defendants ("Samsung") of this letter, and have been informed that Samsung opposes the proposed expedition and schedule.

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

**Case Summary:** Milk claims that Samsung has infringed and violated Milk's rights to its registered and unregistered trademark MILK.  Milk has used the MILK mark to identify its multimedia business for 15 years.  Milk's entire identity is threatened because Samsung has begun an enormous marketing, promotion and sales campaign for music and video streaming services using Milk's trademark "Milk" without Milk's authority.  Milk seeks a judgment from this Court, *inter alia,* permanently enjoining Samsung from using the MILK trademark in the manner currently used.  As the effect of this Court issuing a preliminary injunction against Samsung would be the same as a

Page 2

final judgment after trial plaintiff Milk has elected not to seek a preliminary injunction immediately to avoid trying the same matter twice. Instead, Milk asks this Court to use its discretion and order both expedited discovery and trial by April 6, 2015 or as soon thereafter as possible.

This Court has broad discretion to expedite a case schedule. Trademark infringement claims are particularly suitable for expedited proceedings because the brand owner faces loss of reputation and goodwill, that may be irreparable and that can build exponentially over time.[1]

Good cause exists to expedite the case schedule because Milk is likely to prevail on its claims and will be irreparably harmed if the case schedule is not expedited.

Milk is likely to succeed on its trademark infringement and unfair competition claims against Samsung. Milk's federally registered MILK-formative "marks are presumptively distinctive." 15 U.S.C. § 1115(b). The mark MILK is inherently distinctive and, strong;[2] the parties' MILK marks are virtually identical and both are used for music and video streaming services thus there is no gap (in respective services identified by the nearly identical marks) to bridge; there have already been instances of

---

[1] *See, e.g., Starter Corp. v. Converse, Inc.*, No. 95 Civ. 3678, 1996 WL 684165, at *1 (S.D.N.Y. Nov. 26, 1996) (in the interests of commercial fairness, . . . the "plaintiff is entitled to an expeditious resolution of this case"); *Two Kids From Queens, Inc. v. J&S Kidswear, Inc.*, No. 09-3690, 2009 WL 5214497, at *4 (E.D.N.Y. Dec. 30, 2009) (ordering expedited proceedings due to nature of trade dress claims).
[2] MILK is an arbitrary mark because "the word ['milk'] has no intrinsic relationship whatsoever to [providing music and video streaming services]." *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 148-49 (2d Cir. 2003).

Page 3

actual confusion; Samsung has acted in bad faith; and users of the parties' services are not sophisticated because they are provided at either no cost to consumers or are relatively inexpensive.

The harm to Milk is both irreparable and immediate, and neither calculable or compensable by monetary damages. The dramatic size differential here means that junior user Samsung threatens to destroy the brand equity of senior user Milk in its MILK marks within a year or less. Expeditious resolution benefits both Milk and Samsung. Samsung can avoid further investment in marks that infringe the rights of senior user Milk. Milk can rescue its brand equity and its federally registered trademarks from destruction. Milk is prepared to offer a discovery schedule that meets the proposed trial date.

Milk accordingly seeks a pre-motion conference before moving this Court for expedited proceedings and trial on April 6, 2015.

Respectfully,

Harley I. Lewin

Enclosure

cc:   All Counsel of Record (by ECF)