

Fish & Richardson P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022

212 765 5070 main
212 258 2291 fax

**VIA ECF**

December 24, 2014

**R. David Hosp**
Principal
hosp@fr.com
617 368 2125  direct

Hon. Paul A. Crotty
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street, Chambers 1350
New York, NY 10007

Re:   *Milk Studios, LLC v. Samsung Electronics Co., Ltd. et al*, No. 14-Civ-9362

Dear Judge Crotty:

Pursuant to Rules 1A and 3D of this Court's Individual Practices, we submit this letter on behalf of defendants Samsung Telecommunications America, LLC, Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (collectively, "Samsung") in response to the letter filed by Milk Studios, LLC ("Milk Studios") requesting a pre-motion conference regarding Milk Studios' proposed motion for expedited proceedings with trial to begin on April 6, 2015.  *See* Dkt. No. 9. In essence, Milk Studios seeks a full trial on a schedule that more resembles a preliminary injunction proceeding.  Such expedition is not warranted in this case, and would cause significant prejudice to Samsung.  For these reasons, while Samsung is available to participate in a pre-motion conference at the Court's convenience, it does not believe that such a conference is necessary.  Samsung respectfully requests that the Court deny Milk Studios' request and instead enter a schedule in the ordinary course that allows the parties to conduct reasonable discovery and present their arguments to the Court.

*First,* expedition in this case is inappropriate because Milk Studios has already delayed for nearly a year before seeking this proposed schedule.  Samsung launched its MILK MUSIC music app on March 7, 2014.  Milk Studios was immediately aware of Samsung's launch, and Milk Studios' attorney contacted Samsung on March 14, 2014 to demand that Samsung cease using the MILK MUSIC mark.  Samsung responded through its attorney on April 2, 2014.  Milk Studios did not respond to that letter for another three-and-a-half months (then through a new attorney), and did not file its claims (through yet a third group of attorneys) until November 24, 2014—nearly nine months after it first became aware of Samsung's use of MILK MUSIC.  Now, another month later, it requests expedition, seeking full adjudication in three months on the merits of this case—a schedule more suited to a preliminary injunction.[1]  Because Milk Studios

---

[1] In the preliminary injunction context, courts routinely deny motions for preliminary injunctions where the plaintiffs delayed several months or more in bringing their motions—the same delay in this case made Milk Studios ineligible for a preliminary injunction, yet it is attempting to achieve



Hon. Paul A. Crotty
December 24, 2014

waited ten months before even requesting this schedule, it cannot credibly suggest that the matter must now be decided within the next three months.[2]

**Second,** Milk Studios can posit no imminent actual or likely harm that requires expedition in this case. It does not suggest that consumers have sought out its photography related services only to mistakenly download Samsung's music app. Nor does it allege that consumers have come to its studios or logged onto its blog in order to download Samsung's music streaming service. Indeed, these two companies operate in such drastically different consumer spaces that any alleged consumer confusion or harm is theoretical and speculative, not actual, and does not require resolution of this matter on the extreme schedule proposed by Milk Studios.

**Third,** expedition in this case is unnecessary because Milk Studios is not likely to prevail on its claims. Milk Studios' and Samsung's services at issue in this case operate in completely distinct markets—with Milk Studios primarily focusing on providing physical studio space for various types of artists to create and exhibit their work, and Samsung providing Internet-based music and video services to consumers that own Samsung devices. As a result, consumers are not likely to believe the parties' respective services originate from the same source and there is no likelihood of confusion.

Additionally, Milk Studios' "milk"-formative marks already coexist with many other marks comprising or containing the term "milk" that are owned by third parties in connection with services involving music. Milk Studios' marks at issue are therefore commercially weak. Given this weakness and the distinct differences between Milk Studios' and Samsung's services, there is ample "room" for Samsung's MILK MUSIC marks to exist without consumer confusion, and there is no reason for expedition.

---

the same result by seeking an unreasonably short litigation schedule. *See e.g. Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 339, 354 (S.D.N.Y. 2008) (finding that plaintiff's six-month delay in requesting injunctive relief weighed heavily against a finding of irreparable harm and denying a preliminary injunction on that basis); *New Look Party Ltd. v. Louise Paris Ltd.*, No. 11-Civ-6433, 2012 WL 251976, at *11 (S.D.N.Y. Jan. 11, 2012) (finding that plaintiff's fourteen-month unjustified delay in requesting injunctive relief—an eleven-month delay from the breakdown of settlement discussions—counseled against a finding of irreparable injury and denying plaintiff's motion for preliminary injunction).

[2] Notably, neither case cited by Milk Studios supports its position that this case should proceed to trial in three months. Indeed, the trial date in *Starter Corp. v. Converse, Inc.* was not actually set until 1.5 years after the initial complaint was filed. No. 95-Civ-3678, 1996 WL 684165 (S.D.N.Y. Nov. 26, 1996). And in *Two Kids From Queens, Inc. v. J & S Kidswear, Inc.*, it was the egregious nature of the intentional trade dress and copyright infringement claims and alleged evidence of actual copying in that necessitated the Court's order of expedited discovery and trial—two factors which are not at issue in the present case. No. 09-Civ-3690, 2009 WL 5214497, at *4 (E.D.N.Y. Dec. 30, 2009).



Hon. Paul A. Crotty
December 24, 2014

**Fourth,** the schedule proposed by Milk Studios will cause severe prejudice to Samsung.  Milk Studios has had nearly a year to plan its strategy and prepare for trial on the ***nine*** federal, state, and common law causes of action involving the six alleged "milk"-formative marks it has asserted against Samsung.  In contrast, Samsung was served with the Complaint less than a month ago.  Samsung should be permitted to take reasonable discovery (including expert discovery), file appropriate motions (including summary judgment motions), and proceed as it would in any other case.  It is neither reasonable nor appropriate to force Samsung to prepare its full defense in the next three months—particularly considering (i) there has been no showing that Milk Studios has suffered or will likely suffer any irreparable harm; (ii) Milk Studios has delayed for months before seeking fast-track treatment of its claims; and (iii) this case involves nine causes of action and alleged rights in six trademarks.

For these reasons, Samsung respectfully requests that the Court decline to entertain Milk Studios' motion for its proposed expedited schedule.

Respectfully submitted,

*/s/ R. David Hosp*

R. David Hosp

cc: All Counsel of Record (via ECF)

3