**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MILK STUDIOS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>Defendants. | Civil Action No.: 14-cv-09362-PAC<br><br>**DECLARATION OF HARLEY I. LEWIN IN SUPPORT OF PLAINTIFF MILK STUDIOS, LLC'S MOTION FOR AN EXPEDITED TRIAL ON THE MERITS** |

HARLEY I. LEWIN hereby declares, pursuant to 28 U. S. C. § 1746, as follows:

1. I am a partner with the law firm of McCarter & English, LLP, attorneys for plaintiff Milk Studios, LLC ("Milk"), in the above matter and a member of the bar of the State of New York and this Court.

2. I submit this Declaration in support of Milk's Motion for an Expedited Trial on the Merits.

3. I was lead counsel for plaintiff Kent & Spiegel Direct, Inc. in a Lanham Act trade dress and false advertising matter entitled *Kent & Spiegel Direct v. Telebrands, Inc.*, CA No. 1:97-cv-03587-SS (SDNY 1997)(filed May 16, 1997), in which we moved for a temporary restraining order and a preliminary injunction against the defendant to enjoin its advertising campaign and roll out of its new competing product. At the hearing, on May 23, 1997, Judge Sotomayor denied plaintiff's request stating that the case presented issues that were too close for her to grant an injunction at that time. However, recognizing the importance of resolving the issues as expeditiously as possible, she informed counsel, *sua sponte,* at the close of the hearing that she would expedite the schedule and consolidate the injunction request with a full trial for

permanent injunction to be held in four weeks. Her exact words were "counsel, tell your clients they will get a year's worth of legal bills in the next 30 days." After grueling expedited discovery, including depositions, the parties settled. A true and correct copy of the docket is attached as Exhibit A.

4. Attached as Exhibit B are true and correct copies of Samsung's various ads featuring the MILK mark prominently and/or without the word Samsung.

5. Attached Exhibit C are true and correct copies of articles featuring statements by Samsung's employees referring to the "Milk" music service as "Milk" or "Milk music" without Samsung.

6. Attached as Exhibit D is a true and correct copy of a printout from the website for MilkBox (http://milkbox.com/about_us_v2.html), owned by Hyuna International, a Barbados company, indicating it is a B2B application connecting companies through a linked network of media properties, which was cited by Samsung as a competing third party use of "milk" based solely on the *pending* USPTO trademark application for MILKBOX and MilkBox's homepage (See Hosp Decl., Ex 2). Other than these webpages, plaintiff's counsel has found no indication that the Milkbox product is even in use in the United States.

7. Attached as Exhibit E is a true and correct copy of a printout from the website for Milk Money Consulting http://milkmoneyconsulting.com/, a music production and recording studio, indicating it is a traditional recording studio in Atlanta. Samsung cited this as a competing third party use of "milk" based solely on one webpage (See Hosp Decl., Ex 4)

8. Attached as Exhibit F are true and correct copies of printouts from the website for Spill Milk Studios http://www.spillmilkstudios.com/weddings and www.spillmilkstudios.com/corporate-film, indicating it is a photography and videography

business providing services for private family or small corporate events such as weddings and bar mitzvahs or small local companies that want to post ads on YouTube or Facebook. This business was cited by Samsung as a competing third party use of "milk" based solely on a single webpage which did not indicate the nature of the business (See Hosp Decl., Ex 5)

9. Attached as Exhibit G are true and correct copies of printouts from the website for Wish Picture Shows, LLC, a production and post production services company (www.wishpictureshows.com/about_us.html and www.wishpictureshows.com/milkmoney.html), which operates Milk Money Records, a music recording studio, and which was cited by Samsung as a competing third party use of "milk" based solely on the USPTO trademark registration for MILK MONEY RECORDS (Reg. No. 4,299,983)(See Hosp Decl., Ex 6)

10. Attached as Exhibit H are true and correct copies of printouts from the website for MilkCrate Records, owned by Aaron LaCrate, a Baltimore DJ and music producer (www.milkcratenyc.com) who also puts out mix CDs, which was cited by Samsung as a competing third party use of "milk" based solely on the USPTO trademark registration for MILKCRATE RECORDS (Reg. No. 3,017,888)(See Hosp Decl., Ex 7)

11. Attached as Exhibit I are true and correct copies of printouts from the website for Milk Rocks! (www.milkrocks.com, http://milkmedia.com and http://milkmedia.com/isp_inSchPrograms.html), a program that promotes nutrition and healthy lifestyles to children through milk carton designs and posters and live music performances in schools, which was cited by Samsung as a competing third party use of "milk" based solely on the homepage for Milk Rocks! and the USPTO trademark registration for MILK ROCKS! (Reg. No. 3,390,131)(See Hosp Decl., Ex 8) and Milk Rocks! homepage. Notably the

registration expressly disclaims any rights to the use of the word "milk" as it is merely descriptive.

12. Attached as Exhibit J is a true and correct copy of a printout from the website for Milk Cow Music Festival (https://visitindiana.com/blog/index.php/2012/05/23/milk-cow-music-festival-at-fair-oaks-farms), a music festival held at the Fair Oaks Farms dairy farm in Indiana, which was cited by Samsung as a competing third party use of "milk" based solely on the USPTO trademark registration for MILK COW MUSIC FESTIVAL (Reg. No. 4,238,999)(See Hosp Decl., Ex 9).

13. Attached as Exhibit K are true and correct copies of printouts from the website for MilkShake (http://www.milkshakemusic.com/music.cfm and http://www.milkshakemusic.com/about.cfm), a music performance group for children, which was cited by Samsung as a competing third party use of "milk" based solely on the USPTO trademark registrations for MILKSHAKE (Reg. Nos. 3,039,785 and 2,937,609)(See Hosp Decl., Ex 10).

14. Attached as Exhibit L is a true and correct copy of a printout from the website for BlackMilk (http://blackmilk.com), "a web site design and web site hosting company, located in Watertown, MA," which was cited by Samsung as a competing third party use of "milk" based solely on the USPTO trademark registration for BLACKMILK (Reg. No. 4,428,101)(See Hosp Decl., Ex 13).

15. Attached as Exhibit M is a true and correct copy of a printout from the website for Milkshake Media (http://milkshakemedia.com/whatwedo), an advertising and strategy firm in Texas specializing in building brands that build communities (i.e., community organizations), which was cited by Samsung as a competing third party use of "milk" based solely on the

homepage and the USPTO trademark registration for MILKSHAKE (Reg. No. 4,543,732)(See Hosp Decl., Ex 15).

16. Attached as Exhibit N is a true and correct copy of a printout from the website for Milk Books (www.milkbooks.com/professional/about.aspx), a New Zealand illustrated book publishing company, which was cited by Samsung as a competing third party use of "milk" based solely on the USPTO trademark registration for MILK (Reg. No. 4,541,466)(See Hosp Decl., Ex 16).

17. Attached as Exhibit O is a true and correct copy of the order in *Apple v. Samsung* regarding an expedited discovery and trial schedule. .

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 27, 2015.

s/ Harley I. Lewin
Harley I. Lewin