# EXHIBIT O

2011 WL 1938154
Only the Westlaw citation is currently available.
United States District Court, N.D. California,
San Jose Division.

APPLE INC., a California corporation, Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., A
Korean business entity; Samsung Electronics
America, Inc., a New York corporation;
Samsung Telecommunications America, LLC, a
Delaware limited liability company, Defendants.

No. 11–CV–01846–LHK.    |    May 18, 2011.

**Attorneys and Law Firms**

Michael A. Jacobs, Deok Keun Matthew Ahn, Harold J.
McElhinny, Jason R. Bartlett, Jennifer Lee Taylor, Morrison
& Foerster LLP, San Francisco, CA, Mark Daniel Selwyn,
Wilmer Cutler Pickering Hale and Dorr LLP, Palo Alto, CA,
for Plaintiff.

Victoria F. Maroulis, Kevin P.B. Johnson, Quinn Emanuel
Urquhart Oliver & Hedges LLP, Redwood Shores, CA,
Charles Kramer Verhoeven, Quinn Emanuel Urquhart Oliver
& Hedges LLP, San Francisco, CA, Edward J. Defranco,
Quinn Emanuel Urquhart Oliver & Hedges, LLP, New
York, NY, Michael Thomas Zeller, Los Angeles, CA, for
Defendants.

## ORDER GRANTING LIMITED
## EXPEDITED DISCOVERY

LUCY H. KOH, District Judge.

**\*1** This case came before the Court on May 12, 2011 for
a hearing on Plaintiff Apple, Inc.'s motion for expedited
discovery. Based on claims of alleged infringement of its
trademarks, trade dress, and utility and design patents, Apple
seeks an order requiring Samsung to produce certain product
samples, marketing materials, documents, and a 30(b)(6)
corporate witness on an expedited basis. The Court heard
argument on the matter on May 12, 2011, and ordered limited
expedited discovery, as detailed below.

## I. Background

On April 15, 2011, Plaintiff Apple, Inc. ("Apple")
filed suit against Defendants Samsung Electronics
Co., Ltd., Samsung Electronics America, Inc., and
Samsung Telecommunications America, LLC (collectively
"Samsung"). In its Complaint, Apple alleges that Samsung's
Galaxy cell phones and computer tablets infringe Apple's
trade dress, trademarks, and utility and design patents. On
April 19, 2011, Apple filed a motion seeking expedited
discovery regarding five products that Samsung is allegedly
preparing to introduce into the U.S. market: (1) the Galaxy
S2 cell phone, (2) the Galaxy Tab 8.9 tablet computer, (3)
the Galaxy Tab 10.1 tablet computer, (4) the Infuse 4G
cell phone, and (5) the 4G LTE (or "Droid Charge") cell
phone. Based on images and models provided to the public,
Apple alleges that these new products will mimic Apple's
protected designs in the iPhone and iPad and infringe Apple's
intellectual property. Apple claims that expedited discovery
will enable it to take early action to stop the allegedly
infringing activity before Samsung's new products become
established in the marketplace. Apple therefore seeks an
order requiring Samsung to produce the following by May
19, 2011:(1) domestic production models of Samsung's five
new products, along with commercial packaging and initial
release marketing materials; (2) documents relating to any
copying of design elements of, or attempts to design around
Apple's intellectual property relating to, the iPhone 4, iPad,
and iPad 2; and (3) a 30(b)(6) corporate witness in the United
States who can testify regarding design of the shell and
graphical user interface of Samsung's five new products and
any copying of, or attempts to design around, the iPhone
4, iPad, and iPad 2. Samsung opposes Apple's request for
expedited discovery.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(d), a party
"may not seek discovery from any source" prior to the
conference required by Rule 26(f), which must take place at
least 21 days before the initial Case Management Conference.
Fed.R.Civ.P. 26(d), (f). Courts within the Ninth Circuit
generally use the "good cause" standard to determine whether
to permit discovery prior to a Rule 26(f) conference. See,
e.g., Interserve, Inc. v. Fusion Garage PTE, Ltd., No. C
09–05812 JW (PVT), 2010 WL 143665, at \*2 (N.D.Cal.
Jan.7, 2010); Semitool, Inc. v. Tokyo Electron America,
Inc., 208 F.R.D. 273, 276 (N.D.Cal.2002). "Good cause
may be found where the need for expedited discovery, in
consideration of the administration of justice, outweighs the
prejudice to the responding party." Semitool, 208 F.R.D. at
276. In determining whether good cause justifies expedited

discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *American LegalNet, Inc. v. Davis,* 673 F.Supp.2d 1063, 1067 (C.D.Cal.2009).

### III. Discussion

**\*2** In this case, Apple seeks fairly extensive discovery from Samsung approximately two-anda-half months before discovery would ordinarily become available in this case. [1] As indicated at the motion hearing, the Court agrees that Apple has demonstrated good cause for some, limited expedited discovery. While Apple has not yet filed a motion for preliminary injunction, courts have found that expedited discovery may be justified to allow a plaintiff to determine whether to seek an early injunction. *See Interserve,* 2010 WL 143665, at *2 ("Expedited discovery will allow plaintiff to determine whether to seek an early injunction"). Moreover, "courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition." *Semitool,* 208 F.R.D. at 276. Here, Apple seeks expedited discovery to prevent alleged infringement of its intellectual property and to forestall allegedly irreparable harm associated with a loss of market share and consumer good will. *See Century 21 Real Estate Corp. v. Sanlin,* 846 F.2d 1175, 1180–81 (9th Cir.1988) ("Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."); *Maxim Integrated Products, Inc. v. Quintana,* 654 F.Supp.2d 1024, 1035 (N.D.Cal.2009) ("In trademark cases, irreparable harm is typically found in a plaintiff's loss of control over their business reputation, loss of trade and loss of goodwill."). Although the Court expresses no opinion on the merits of Apple's claims, the Court notes that Apple has produced images of Samsung products and other evidence that provide a reasonable basis for Apple's belief that Samsung's new products are designed to mimic Apple's products. In particular, Apple cites to media reports that Samsung "overhaul[ed]" its forthcoming Galaxy Tab 10.1 in response Apple's recently unveiled iPad 2. *See Samsung considers Galaxy Tab 10.1 overhaul following iPad 2 unveiling,* Boy Genius Report, submitted as Ex. 5 to Decl. of Jason R. Bartlett in Supp. of Pl.'s Mot. to Expedite Discovery ("Bartlett Decl."), ECF No. 11; *iPad 2 Sends Galaxy Tab*

*Back to the Drawing Board,* NBC Bay Area report, submitted as Ex. 4 to Bartlett Decl. In these reports, Vice President of Samsung's mobile division Lee Don–Joo is quoted as stating, "We will have to improve the parts [of the Galaxy Tab 10.1] that are inadequate. Apple made [the iPad 2] very thin." Bartlett Decl. Ex. 5. Apple also provides images of samples of Samsung's new products and media reports suggesting that the design of Samsung's new Galaxy S2 phone is very similar to the design of Apple's iPhone 4. *See* Pl.'s Mot. to Expedite Discovery at 5; Bartlett Decl. Ex. 8–9. This evidence, together with the apparently imminent release of Samsung's new products, supports Apple's request for expedited discovery.

A number of other considerations also support Apple's request. First, the expedited discovery Apple requests is relevant to its claims of infringement. In particular, the design and appearance of Samsung's forthcoming products and packaging are directly relevant to Apple's trademark, trade dress, and design claims. Because these claims are subject to consumer confusion and "ordinary observer" standards, the products themselves and the packaging in which they are sold are likely to be central to any motion for preliminary injunction. *See Philip Morris USA Inc. v. Liu,* 489 F.Supp.2d 1119, 1122 (C.D.Cal.2007) (noting that trademark claims under the Lanham Act require a showing of a likelihood of consumer confusion, deception, or mistake); *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 678 (Fed.Cir.2008) (en banc) (holding that design patent infringement claims are subject to a test of "whether the ordinary observer would consider the two designs to be substantially the same"). Second, this case involves sophisticated parties and counsel who have had ongoing negotiations about this dispute for approximately a year. In addition, Samsung has had notice of Apple's specific requests for expedited discovery since April 20, 2011. [2] Finally, expedited discovery would allow the Court to address any request for preliminary injunctive relief at the outset of the case, thereby providing a measure of clarity to the parties early in the proceeding and facilitating effective case management. Each of these factors weighs in favor of Apple's request. *See Semitool,* 208 F.R.D. at 276–77 (indicating that relevance of the discovery requested, sophistication of parties and counsel, prior notice of discovery requests, and facilitation of case management support a request for expedited discovery).

**\*3** Nonetheless, as discussed at the motion hearing, the Court finds merit in Samsung's concerns about the breadth of Apple's requests and the sensitive nature of the information sought. First, as to Samsung's concerns about the breadth

of the requested discovery, the Court agrees that Samsung would be unduly burdened by Apple's requests for a 30(b) (6) deposition. Pursuant to Rule 30(b)(6), a witness testifying on behalf of a corporation "must testify about information known or reasonably available to the organization." In order to prepare for a 30(b)(6) deposition, Samsung would be required to interview numerous employees involved in the design and marketing of five different products and to identify and review the communications of those employees. Under the Federal Rules, Apple normally would not be permitted to notice a 30(b)(6) deposition until August 3, 2011. Moreover, in the ordinary course of discovery, 30(b)(6) depositions generally are not taken at the inception of discovery. To require Samsung to prepare for a 30(b)(6) deposition on such broad topics, and on such a tight timeline, would be unduly burdensome. *See Semitool,* 208 F.R.D. at 276 (granting expedited discovery in part because request did not involve "a free ranging deposition for which a representative of Defendants may not have had sufficient time or information with which to prepare"). The same can be said of Apple's requests for production of "documents relating to any copying of design elements of, or attempts to design around Apple's intellectual property relating to, the iPhone 4, iPad, and iPad 2." Mot. to Expedite Discovery at 13. This request is broad and somewhat vague, and it would require Samsung to undertake a wide-ranging investigation to determine whether any such documents exist. As to these specific requests for production of documents and a 30(b)(6) witness, the Court finds that the burden on Samsung outweighs the need for expedited discovery presented by Apple.

The Court is also sensitive to Samsung's argument that production of samples of unreleased products to its competitor would be prejudicial. The Court notes, however, that this argument is undermined to some extent by evidence that Samsung has already released images and samples of its forthcoming products to the media and members of the public. *See, e.g.,* Bartlett Decl. Ex. 6 (media report regarding announcement of Galaxy Tab 8.9); Ex. 7 (announcement from Samsung's website featuring images and specifications of forthcoming products); Ex. 8 (media report describing disclosure by a UK website of the price, specifications, and release date for the Galaxy S2). Indeed, at the motion hearing, Apple represented that Samsung gave away 5,000 samples of its Galaxy Tab 10.1 to members of the public on May 10, 2011, a claim that Samsung did not dispute. The Court understands that production of pre-release samples to a competitor can be prejudicial, but believes that this concern can be adequately addressed by a stringent protective order. As stated at the motion hearing, the expedited discovery ordered herein must be produced with the designation "Outside Counsel Eyes Only." Apple and its in-house counsel must not have access to the expedited discovery.

**\*4** Accordingly, as stated at the hearing, the Court hereby ORDERS that within 30 days of this Order, Samsung shall produce:

(1) The latest iteration of product samples for the Galaxy S2, Galaxy Tab 8.9, Galaxy Tab 10.1, Infuse 4G, and 4G LTE (or "Droid Charge");

(2) The latest iteration of the packaging in which the Galaxy S2, Galaxy Tab 8.9, Galaxy Tab 10.1, Infuse 4G, and 4G LTE (or "Droid Charge") will be sold;

(3) The latest iteration of the package insert for the Galaxy S2, Galaxy Tab 8.9, Galaxy Tab 10.1, Infuse 4G, and 4G LTE (or "Droid Charge").

(4) This discovery shall be produced with the designation "Outside Counsel Eyes Only" and shall not be provided to Apple or its in-house counsel.

**IT IS SO ORDERED.**

---

Footnotes

1    An initial Case Management Conference is set for August 24, 2011. Accordingly, under the Federal Rules, discovery ordinarily would open no later than August 3, 2011.

2    It appears that since Apple filed this action, Samsung has filed four separate actions against Apple in courts in the Northern District of California, Korea, Japan, and Germany. Decl. of Jason R. Bartlett in Supp. of Pl.'s Reply ("Bartlett Reply Decl.") ¶¶ 2–3 & Ex. 1.

---

**End of Document**                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.